IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL PLEASANT,**

    **Petitioner,**                  **CASE NO. 2:10-CV-00618**
                                            **JUDGE FROST**
    **v.**                              **MAGISTRATE JUDGE ABEL**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**OPINION AND ORDER**

On November 7, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner does not object to the Magistrate Judge's recommendation of dismissal of his claims of ineffective assistance of counsel based on his attorney's failure to call alibi witnesses or investigate the arrest records of Jeffery Stewart as procedurally defaulted. Petitioner objects solely to the Magistrate Judge's recommendation of dismissal on the merits of his claims that there was constitutionally insufficient evidence to sustain his convictions on aggravated robbery and robbery with firearm specifications, and that he was denied effective assistance of counsel because his attorney failed to file a motion to suppress Jason Robinson's identification of him as the perpetrator. Petitioner again raises all of the same arguments he previously presented in this regard.

Specifically, Petitioner argues that the state appellate court's rejection of his claim of insufficiency of the evidence constituted an unreasonable determination of the facts in view of the

evidence presented.  Petitioner contends that the testimony of Abdifatah Yusuf, if believed, was constitutionally insufficient to sustain his robbery convictions because neither Yusuf nor any other of the State's witnesses could identify Petitioner as the armed gunman. This Court does not agree.

The state court accurately summarized the testimony of Yusuf as follows:

> Abdifatah Yusuf testified that he was driving his yellow cab during the early morning hours of June 17, 2007, and he stopped at a gas station.  He identified the still photos depicting the incident at the station.  Yusuf said that a man with a gun demanded money from him, and Yusuf gave him about $60.  The man ordered him out of the cab and tried to punch him.  The man pointed the gun at Yusuf and told him to get down on his knees.  Yusuf ran behind the cab and, when the man ordered him to come back, Yusuf refused.  The man circled the cab in pursuit of Yusuf, got in the cab, and then drove east on Broad Street.
>
> Later, police officers took Yusuf to where the cab had crashed following the chase.  He identified the vehicle as his stolen cab.  He saw the man who had been apprehended, and he recognized him as the man who had robbed him.  He stated that he recognized him because he was not wearing a shirt.  He never got a good look at the man's face, however.  At trial, he could not identify appellant as the robber.

*State v. Pleasant*, Nos. 08AP-558, 08AP-559, 2009 WL 311431, at *2-3.  Notably, Yusuf identified photographs indicating substantial evidence of Petitioner's guilt:

> The state presented more than 300 still photos of the robbery as it occurred and from different angles.  The photos depict a m an matching appellant's description approach the cab with his right hand in his pocket.  The man is not wearing a shirt, and a large tattoo is visible on his bicep.  The man leans into the cab's window on the driver's side, the man opens the door, and Yusuf, with his hands up, gets out of the cab.  In several of the still photos, a dark object appearing to be a gun is visible in the man's right hand, consistent with Yusuf's testimony that the robber had a gun.  Also consistent with Yusuf's testimony, the man pursues Yusuf, while Yusuf's hands are up, around the cab.  Then the man gets into the cab and drives away.

2

*Id.* at *7. Petitioner had a "distinctive build, was not wearing a shirt, and had prominent tatoos. In particular, the tattoo visible on the robber's biceps matches the tattoo visible on appellant's bicep." *Id*. Yusuf said the armed robber wore no shirt. *Trial Transcript*, at 138-39. In view of the foregoing, this Court agrees that Petitioner has failed to establish habeas corpus relief is warranted on his claim of insufficiency of the evidence, regardless of Yusuf's inability to identify Petitioner at the time of trial.

Petitioner objects to the Magistrate Judge's conclusion that he failed to establish prejudice, as that term is defined under *Strickland v. Washington*, 466 U.S. 668 (1984), based on his attorney's failure to file a motion to suppress Robinson's identification of him since Robinson testified he identified Petitioner from the photographic line-up prior to trial, and that identification, Petitioner argues, was inherently unreliable and inadmissible under *Neil v. Biggers*, 409 U.S. 188 (1972), and based on an unduly suggestive photo array. Again, after review of the record, this Court is not persuaded by Petitioner's argument. As discussed in more detail in the Magistrate Judge's *Report and Recommendation*, the State introduced substantial evidence of Petitioner's guilt. Robinson admitted he was unable to get a clear look at the armed robber. Although Robinson picked Petitioner's photograph out of the six photographs he was shown, he was unable to identify Petitioner, even prior to trial, as the perpetrator. *Trial Transcript,* at 122-23. Robinson acknowledged that he did not get a clear look at the robber and was unable to identify Petitioner in court.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and

**AFFIRMED**. This action is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

                                                 /s/ Gregory L. Frost
                                                GREGORY L. FROST
                                                United States District Judge