**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL PLEASANT,**

      **Petitioner,**                           **CASE NO. 2:10-CV-00618**
                                                  **JUDGE FROST**
      **v.**                                          **MAGISTRATE JUDGE ABEL**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

      **Respondent.**

**ORDER**

On February 16, 2012, the Court entered judgment denying petitioner Michael Pleasant's petition for writ of habeas corpus. He appealed. This matter is before the Court on the June 29, 2012 Order of the United States Court of Appeals for the Sixth Circuit that the court determine whether to grant or deny a certificate of appealability. 28 U.S.C. §2253(c); Rule 22(b), Federal Rules of Appellate Procedure. Petitioner's counsel has not filed a motion for certificate of appealability or a brief supporting a request for the issuance of one.

Petitioner made two arguments: (1) there was constitutionally insufficient evidence to sustain his convictions on aggravated robbery and robbery with firearm specifications and (2) he was denied effective assistance of counsel because his attorney failed to file a motion to suppress Jason Robinson's identification of him as the perpetrator. When a claim has been denied on the merits, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). *Slack v. McDaniel,* 529 U.S.473, 483 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show For the reasons set out in the Court's February 16, 2012 Opinion and Order adopting the Magistrate Judge's Report

and Recommendation and entering judgment dismissing these claims, the Court determines that petitioner has failed to make "a substantial showing of the denial of a constitutional right." Although Robinson did not get a good look at the armed robber's face and was unable to identify Pleasant as the robber, here was ample evidence of petitioner's guilt, including many surveillance photos of the robbery. Those photos depicted a tattoo on the robber's biceps that matched one on petitioner's biceps. The robber had a distinctive build and was not wearing a shirt. Pleasant was apprehended after he was chased and he wrecked Robinson's cab. He was not wearing a shirt and Robinson told police he looked like the robber.

As to the ineffective assistance of counsel claim, for the reasons stated in the February 16, 2012 Opinion and Order, petitioner was not prejudiced as that term is defined in *Strickland v. Washington*, 466 U.S. 668 (1984), by his attorney's failure to file a motion to suppress Robinson's identification of him.

       /s/ Gregory L. Frost
       GREGORY L. FROST
       United States District Judge